Robert G. Klein (CA Bar No. 128550)
LAW OFFICE OF ROBERT G. KLEIN
555 West Fifth Street, 31st Floor
Los Angeles, California 90013-1010
Tel: (213) 996-8508
Fax: (213) 947-1441
Attorney for Plaintiff James de Cordova

Jeffrey Weiss (CA Bar No. 130385)
jweiss@weissiplaw.com
Kenneth M. Motolenich-Salas (*pro hac vice*)
WEISS & MOY, P.C.
4204 N. Brown Ave.
Scottsdale, Arizona 85251
Tel:  (480) 994-8888
Fax:  (480) 947-2663

Attorneys for Defendants Marc Gordon
and Cynthia J. Callendar-Gordon

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES DE CORDOVA, an individual,<br><br>            Plaintiff,<br><br>     v.<br><br>MCG NEVADA, INC. a Nevada corporation doing business as SLEEP MASTER; MARC C. GORDON, an individual; CYNTHIA J. CALLENDAR-GORDON, an individual; and DOES 1 through 10 inclusive,<br><br>            Defendants.<br>_____ | Case No. CV11-06114-RGK (RZx)<br><br>**(Hon. R. Gary Klausner)**<br><br>[~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER** |

MARC C. GORDON, an individual; and CYNTHIA J. CALLENDAR-GORDON, an individual,

                Counterclaimants,

v.

JAMES DE CORDOVA,

                Counterclaim Defendant.

WHEREAS the Plaintiff/Counterdefendant James de Cordova ("de Cordova"), and Defendants/Counterclaimants Marc C. Gordon and Cynthia J. Callendar-Gordon ("Gordon") (collectively, "the Parties"), hereby acknowledge that certain documents and other information being produced in this litigation include confidential, proprietary and/or trade secret information relating to the business of each Party, which, if disclosed, would harm the Party's business, commercial, or financial interests; and

WHEREAS the Parties desire to expedite the flow of discovery material, and facilitate the prompt resolution of disputes over confidentiality of discovery materials; and

WHEREAS the Parties desire to adequately protect information the Parties are entitled to keep confidential as well as ensure that only such materials are subject to special treatment;

WHEREAS the Parties respectfully submit that protection of this confidential information will protect the Parties from unfair competition, burden, and expense; and

IT IS HEREBY STIPULATED AND AGREED, by and between the Parties that the following Order should be entered by the Court, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure ("Protective Order").

The following terms and conditions shall govern the use and treatment of documents, materials, items, tangible things, and/or information produced by Parties or non-Parties in this lawsuit:

1. **<u>Good Cause Statement</u>**: The Parties believe that good cause exists for the entry of this Protective Order because materials designated as "Confidential" or "Confidential-Attorneys' Eyes Only" constitute trade secret, proprietary or other confidential information the disclosure of which is likely to have the effect of harming the competitive position of the designating Party or violating an obligation of confidentiality to a third Party.

2. **<u>Scope</u>**: All documents, materials, items, tangible things, and/or information that contain or comprise confidential, proprietary and/or trade secret information, including sensitive research, development or commercial information within the scope of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure that are produced either by a Party or by a non-Party to or for any of the Parties or their experts shall be governed during discovery in this action by this Protective Order ("Protected Material").

3. **<u>"Confidential" or "Confidential-Attorneys' Eyes Only" Information</u>**: Protected Material produced by any Party or non-Party may be designated by such Party or non-Party as "Confidential" or "Confidential-Attorneys' Eyes Only." "Confidential" or "Confidential-Attorneys' Eyes Only" information shall include information of the following type:

   a. trade secret entitled to protection under the Uniform Trade Secrets Act, as adopted in California;
   b. technical, financial, or marketing information which the disclosing Party reasonably believes would cause competitive harm to the disclosing Party if it were publicly disclosed; or
   c. information which the disclosing Party has independently agreed in the ordinary course of business to maintain in confidence for the

benefit of a third Party, such as proprietary chemical formulae or other confidential technical information provided by a third Party.

4. **"Confidential-Attorneys' Eyes Only" Designation**: The Parties agree that the following highly sensitive information, if non-public, shall be presumed to merit the "Confidential-Attorneys' Eyes Only" designation since such information is particularly sensitive and/or of immediate competitive significance: trade secrets, pricing information, proprietary chemical formulation and manufacturing data, financial data, sales information, sales or marketing plans, customer information, business plans, sales or marketing strategy, competitive analysis, performance metrics and reports, business intelligence information, product development information, research and experimental testing information, strategic plans, management reports, information obtained from a non-party that is subject to confidentiality obligations, licensing documents and communications, and settlement agreements or communications.  Care shall be taken by the producing Party to use the designation "Confidential-Attorneys' Eyes Only" only where the producing Party has a good faith belief that such protection is needed.  Access to all Protected Material that is designated "Confidential-Attorneys' Eyes Only" shall be limited to only those persons designated in Paragraphs 6(a), (c), (d), (e), (f), and (g).  However, no Party is precluded from requesting from the other Party in discovery the specific ingredient list complete with percentages of each ingredient.

5. **Previously-Disclosed Material**: No material shall be designated "Confidential" or "Confidential-Attorneys' Eyes Only" if the material has been published, distributed to the public, or disclosed to a non-party without a confidentiality agreement or a reasonable expectation that the material would be maintained by the non-Party in confidence.

6. **Dissemination of Protected Material**: Protected Material classified as "Confidential" may be disclosed only to the following persons, except upon the prior written consent of the designating Party or further Order of the Court:

   a. Outside attorneys of record in this matter, and regular employees of such attorneys assigned to and necessary to assist in the conduct of this action;

   b. Officers, employees, and in-house counsel for each Party, provided that they are materially involved in the prosecution, defense, or settlement of this matter, and provided further that such persons comply with Paragraph 7 of this Protective Order;

   c. Independent experts and consultants, including jury consultants, trial consultants, and graphics and animation specialists (collectively, "experts") retained in this action by the outside attorneys of record, provided that the expert satisfies the conditions set forth in Paragraph 5 of this Protective Order;

   d. A witness during a deposition or at trial who, on the face of the document, is clearly an author or recipient of the document;

   e. Court reporters or videographers who are neither past nor present employees of any Party and who are preparing transcripts of testimony of a witness in this case;

   f. Outside vendors who perform scanning, photocopying, computer classifications or similar clerical functions, but only for so long as necessary to perform those services and no documents or copies shall be retained; and

   g. This Court and any court to which an appeal in this action might lie.

7. **Experts**: No expert shall receive Protected Material under Paragraph 6(c) of this Protective Order unless and until the conditions set forth in this Paragraph are met.

1    a. First, such expert must not be otherwise employed in any capacity by
2       any of the Parties, their affiliates, their predecessors-in-interest, their
3       successors-in-interest, or their counsel.
4    b. Second, such expert must be provided with a copy of this Protective
5       Order.
6    c. Third, such expert must comply with the requirements of this
7       Protective Order.
8    d. Fourth, the signed acknowledgement form attached hereto must be
9       sent to opposing counsel, together with the following information
10      regarding the expert: name, present employer and title, and a resume
11      or similar description of prior work/employment, all past consulting
12      relationships, all past or present affiliations with any Party.
13   e. Fifth, opposing counsel shall have ten (10) calendar days after receipt
14      of the expert's identification and signed acknowledgment to object in
15      good faith, in writing, to disclosure of confidential information on the
16      basis that disclosure of confidential information to the proposed
17      expert would result in material risk of disclosure or misuse of the
18      confidential information, and to request a conference of counsel in
19      accordance with Local Rule 37-1.  At such conference of counsel, the
20      Parties shall discuss the objections to the proposed disclosure of
21      information and the bases for any Motion for Protective Order
22      contemplated to prevent such disclosure.  Any such Motion for
23      Protective Order shall be filed in strict compliance with Local Rules
24      37-1 and 37-2, including specifically the requirement of filing a Joint
25      Stipulation in accordance with Local Rule 37-2.  After the conference
26      of counsel, opposing counsel then shall have ten (10) additional
27      calendar days to serve the objecting Party's portion of the Joint
28      Stipulation in support of the Motion for Protective Order.  All further

1         papers relating to the Motion for Protective Order shall be filed in accordance with the time frame set forth in Local Rule 37.

    f. Failure to object, to serve the objecting Party's portion of the Joint Stipulation, or file a motion within the time permitted by this Paragraph shall be deemed a waiver of any objection to the expert's access to the information.

    g. If a timely objection is made, no disclosure of Protected Material shall be made to the expert until the objection is resolved by the Court or the time for serving the objecting Party's portion of the Joint Stipulation or filing a motion under this Paragraph has expired.

8. **Agreement to Be Bound by Protective Order**: Prior to disclosure of Protected Material to any person enumerated in Paragraph 6(b) or (c), the person receiving such Protected Material shall execute the attached *Agreement To Be Bound By Protective Order* (Attachment A) and a copy of such executed Agreement shall be retained by counsel for the receiving Party. A copy of the executed Agreement shall be provided to counsel for the disclosing Party within the time frame set forth in Paragraph 7 in the case of disclosure to an expert; and at least five (5) calendar days prior to disclosure of Protected Information in the case of disclosure to a person enumerated in Paragraph 4(b).

9. **Filing of Protected Material with the Court**: Any Protected Material that a Party seeks to file with the Court under seal shall be submitted to the Court only as provided by Civil Local Rule 79-5. In particular, all documents containing non-segregable Protected Material that are submitted to the Court shall be lodged (not filed) with the Court in sealed envelopes or other appropriate sealed containers on which shall be placed the title of the litigation, an indication of the nature of the contents of the sealed envelope or other container, and the words "Confidential" or "Confidential-Attorneys' Eyes Only" as appropriate and a statement substantially in the following form:

> This envelope contains confidential information filed in this case by (name of Party) and is not to be opened nor the contents thereof to be displayed or revealed except by Order of the Court presiding over this matter.

If the Protected Materials are segregable, such as an exhibit or set of exhibits in support of a motion, then only the segregable materials shall be lodged in this matter, with the remaining materials being publicly filed. The Party lodging the Protected Materials shall simultaneously file an application to seal such materials, directed to the judicial officer to whom the underlying papers are directed. Until the Court rules on whether to seal, the lodged material shall remain under seal.

10.  **Protected Material Attached to Dispositive Motions**: The Court shall treat "Confidential" or "Confidential-Attorneys' Eyes Only" information or documents attached to dispositive motions differently from those attached to non-dispositive motions. The Party seeking to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that compelling reasons support their secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions. (*See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). At any hearing relating to this litigation prior to trial before any judicial officer, subject to the rules of evidence and an Order of the Court, a Party may use any "Confidential" or "Confidential-Attorneys' Eyes Only" information or documents for any purpose relating to such hearing. The use of the "Confidential" or "Confidential-Attorneys' Eyes Only" information or documents in court shall not affect its coverage by this Protective Order or constitute a waiver of secrecy with respect thereto. The Parties reserve the right to seek relief from the Court, either prior to or at a hearing in which Confidential or Attorneys' Eyes Only information

may be utilized, to either close the courtroom or to otherwise seek appropriate relief.

11. **Materials Prepared from Protected Material**: All notes, extracts, and summaries of Protected Material shall also be considered Protected Material and shall be subject to the terms of this Protective Order. All copies of Protected Material shall be considered Protected Material.

12. **Inadvertent Failure to Classify as Protected Material**: An inadvertent failure by a Party to designate qualified Protected Material does not, standing alone, waive the Party's right to secure protection under this Protective Order for such Protected Material. The Party shall notify all receiving Parties in writing as soon as reasonably possible upon the Party's learning of the inadvertent failure to so designate, along with the factual basis for the assertion of designation as Protected Material. Upon receipt of such notice, the receiving Party must make reasonable efforts to assure that the material is treated in accordance with the terms of this Protective Order, subject to the right to challenge the propriety of such designation(s). The designating Party shall provide substitute copies of documents bearing the confidentiality designation. A receiving Party shall not be in breach of this Protective Order for any use of such material before the receiving Party receives notice of the inadvertent failure to designate. Once a receiving Party has received notice of the inadvertent failure to designate pursuant to this Paragraph, the receiving Party shall treat such designated material at the appropriately designated level pursuant to the terms of this Protective Order.

13. **Challenges to Classification as Protected Material**: A Party shall not be obligated to challenge the propriety of a "Confidential" or "Confidential-Attorneys' Eyes Only" classification at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written and served on counsel for the designating Party, and shall particularly identify the information that the challenging Party contends should be differently designated

and the grounds for the objection. Further, the challenging Party shall request a conference of counsel with the designating Party in writing pursuant to Local Rule 37. The designating Party shall have the burden of justifying the disputed designation. Failing agreement, the challenging Party may request resolution pursuant to Local Rule 37 to seek a ruling that the material in question is not entitled to the status and protection of the designating Party's designation. Notwithstanding any challenge to a designation, the material in question shall continue to be treated as designated under this Protective Order until the designating Party withdraws the designation in writing or the Court rules that the material is not entitled to the designation.

14. **Depositions**: Prior to or during a deposition, or within thirty (30) days after receipt of a transcript thereof, any Party may designate the entire or portion of the deposition as Protected Material, in which case it shall be so considered and protected under the terms of this Protective Order. The deposition shall be treated as containing Protected Material until such designation is received or until after the above-mentioned 30-day period, whichever occurs first. The original and all copies of any such deposition transcripts shall be considered to contain protected Material and shall be marked by the court report with the notice "CONTAINS PROTECTED MATERIAL COVERED BY PROTECTIVE ORDER" or the equivalent. If Protected Material is to be disclosed during a deposition, that portion of the recorded deposition reflecting such Protected Material shall be sealed and stamped with the designated classification, and access thereto shall be limited pursuant to this Protective Order. Moreover, any persons present who are not authorized to receive Protected Material under this Protective Order shall be asked to leave the deposition until such time as the testimony no longer involves disclosure of Protected Material.

15. **Use of Protected Materials by Attorneys to Advise Parties**: This Protective Order shall not bar any attorney identified in Paragraph 6(a) in the

course of rendering advice to his or her client from referring to or relying in a general way upon his or her examination of Protected Material produced or exchanged herein, provided however, that in rendering such advice and otherwise communicating with his or her client, the attorney shall not disclose the specific contents or substance of any Protected Material produced by another Party herein if that disclosure would be contrary to the terms of this Protective Order.

16. **Use of Protected Material before Trial**: All Protected Material, including information contained in Protected Material, may be used only for the purposes of the present litigation, including all appeals, and in proceedings to enforce a subpoena in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein. In all appeals and proceedings to enforce a subpoena, the Party relying upon the Protected Material shall use appropriate procedures to ensure that the Court treats the Protected Material as "Confidential" or "Confidential-Attorneys' Eyes Only", in accordance with this Protective Order.

17. Treatment of Protected Material After Trial: Within ninety (90) days after the conclusion of all proceedings in this litigation, whether by final judgment, settlement, conclusion of any appeal, or the lapse of time for filing an appeal each Party shall return to the other Party all Protected Material produced, disclosed, or designated by such other Party during this litigation. Alternatively, Protected Material may be destroyed at the option of the receiving Party who, within thirty (30) days of said destruction, certifies in writing to the disclosing Party that such destruction has been completed. Notwithstanding the foregoing, outside counsel may retain an archival copy of documents filed with the Court that contain Protected Material, provided such archival copies are maintained in confidence. Except as provided above, neither Party shall retain a copy in any form of Protected Material after the termination of this litigation. The treatment

accorded Protected Material under this Protective Order shall survive the termination of this action.

18. **Use of Protected Material at Trial**: Before the trial begins, the Parties shall meet and confer in good faith as part of the pre-trial conference statement process to discuss a procedure for identification of and use of Protected Material at trial. The Parties shall include in the pre-trial conference statement, for the Court's consideration, the agreed-upon procedure. If the Parties cannot reach agreement on a procedure, a Party may seek appropriate court Orders concerning the handling at trial of Protected Material pursuant to applicable Court rules, including the Local Rules, Federal Rules of Evidence, and Federal Rules of Civil Procedure.

19. **Unauthorized Disclosure of Protected Material**: If a receiving Party learns that, by inadvertence or otherwise, Protected Material has been disclosed to any person or in any circumstance not authorized under this Protective Order, the receiving Party must immediately (a) notify counsel for the designating Party of the disclosures and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosures, (b) use its best efforts to take all reasonable measures to retrieve all copies of the improperly disclosed designated material and to ensure that no further or greater unauthorized disclosures and/or use thereof are made, (c) inform the person to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person execute the Agreement To Be Bound By Protective Order.

20. **Third Party Discovery**: In the event that a Party seeks discovery from a non-Party to this action, either the non-Party or the Parties may invoke the terms of this Protective Order with respect to any Protected Material provided to the Parties by the non-Party by so advising all Parties in this suit in writing. Any non-Party that discloses Protected Material under this Protective Order shall be

entitled to the rights of a Party under this Protective Order with respect to those produced materials.

21. **Use of Party's Own Protected Materials**: Nothing in this Protective Order shall restrict a Party's use of its own Protected Materials. Similarly, nothing in this Protective Order shall be deemed in any way to restrict the use of information that is lawfully obtained or publicly available to a Party independently of discovery in this action, whether or not such information has also been obtained during the course of discovery in the action.

22. **Relief**: Execution and entry of this Protective Order shall not prevent a Party to the litigation or a non-Party under Paragraph 20 from seeking modification of or relief from this Protective Order or from seeking other relief or Orders as may become appropriate or necessary to efficiently prepare this matter for trial.

23. **Subpoena in Another Action**: Nothing in this Protective Order shall be construed as authorizing a Party to disobey a lawful subpoena issued in another action.

24. **Secure Storage**: Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to persons authorized under this Protective Order.

25. **General Provisions**

   a. This Protective Order shall be without prejudice to the right of either Party to oppose production of any information for lack of relevance or any other grounds other than the mere presence of Protected Material. The existence of this Protective Order shall not be used by either Party as a basis for discovery that is otherwise not proper under the Federal Rules of Civil Procedure.

b.  This Protective Order shall survive the final termination of this action and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

c.  This Protective Order shall be binding upon the Parties, their Counsel, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, consultants, and any persons or organizations over which they have direct control.  This Court shall have jurisdiction for enforcement of this Protective Order.

d.  Agreement of the Parties to this Protective Order shall not be construed as an agreement or admission by one Party that any information classified as "Confidential" or "Confidential-Attorneys' Eyes Only" by the other Party is in fact confidential information.

e.  In determining whether any such designation is proper, the Court shall be governed by the standards set forth in Fed. R. Civ. P. 26(c) and the case law thereunder.  The burden of proof and persuasion shall be on the Party seeking to maintain confidentiality.

f.  Nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Protected Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

g.  This Protective Order is subject to further court Order based upon public policy or other considerations, and the Court may modify this Protective Order *sua sponte* in the interests of justice.

h.  The terms of this Protective Order shall apply to all manner and means of discovery, including entry onto land or premises and inspection of books, records, documents, and tangible things.

1          a. This Protective Order shall be effective on the date entered by the
2             Court.

3

4 IT IS SO ORDERED.

5 Dated: April 9, 2012

6                                    _____
7                                    J. GARY KLAUSNER Ralph Zarefsky
                                     United States District Magistrate Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER              Case No. CV11-06114-RGK (RZx)

## Attachment A: Agreement to Be Bound by Protective Order

I, _____ [print or type full name], declare under penalty of perjury under the laws of the United States, as follows: I have received a copy, read, and understood the terms of the Protective Order entered in *De Cordova v. MCG Nevada et al.,* CV11-06114-RGK (RZx) ("Matter"), pending before the United States District Court for the Central District of California ("Court"), and hereby agree to comply with and be bound by the terms and conditions of the Protective Order unless and until modified by further Order of the Court.  Specifically, I agree to keep confidential all information provided to me in this Matter and consent to the jurisdiction of the Court for the sole purpose of enforcing this Protective Order.  At the termination of this Matter, I will return to the source all Protected Material which has come into my possession, and I will return all documents or things I have prepared relating to or reflecting such Protected Information.

_____

Dated: _____